United States District Court
District of Massachusetts

| | |
|---|---|
| DUSTIN ERWIN,<br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER MCDERMOTT, DARVIN<br>ANDERSON, CITY OF BROCKTON and<br>FOXY LADY, INC.<br>    Defendants. | Civil No.<br>11-11328-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

This case arises from the alleged use of excessive force against Plaintiff Dustin Erwin outside of The Foxy Lady nightclub in Brockton, Massachusetts on the night of August 9, 2008. Pending before the Court is a motion of Foxy Lady, Inc. ("Foxy Lady") to dismiss for lack of jurisdiction and failure to state a claim.

That motion will be denied. The Court has federal question jurisdiction over Count One which alleges the use of excessive force in violation of 42 U.S.C. § 1983. Because the remaining counts share a common nucleus of operative facts with Count One, the Court has supplemental jurisdiction over them as well. 28 U.S.C. § 1367(a); Godin v. Schencks, 629 F.3d 79, 83 n.4 (1st Cir. 2010).

The Court also rejects defendant's contention that the

complaint fails to state a claim upon which relief can be granted. The decisions in David v. DelRosso, 359 N.E.2d 313 (Mass. 1977), and Davis v. Allard, 641 N.E.2d 121 (Mass. App. Ct. 1994), establish, at the very least, that the issue of a bar's liability for the actions of an off-duty police officer is a fact-intensive inquiry unsuitable for resolution at the motion to dismiss stage. In David, for example, the Supreme Judicial Court affirmed a jury's finding of such liability in part because the off-duty officer was working as a bouncer and was not under the direction of a superior officer. 359 N.E.2d at 315-16. Plaintiff has made similar allegations in this case and, thus, has stated a claim upon which relief can be granted. Whether that claim has merit is a question for a later date.

### ORDER

In accordance with the foregoing, defendant's motion to dismiss (Docket No. 9) is **DENIED**.

**So ordered.**

*/s/ Nathaniel M. Gorton*
Nathaniel M. Gorton
United States District Judge

Dated December 2, 2011