UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DUSTIN ERWIN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | C.A. No. 1:11 CV 11328 |
| ) | |
| CHRISTOPHER MCDERMOTT, ) | |
| DARVIN ANDERSON, ) | |
| THE CITY OF BROCKTON, and ) | |
| FRANK'S OF BROCKTON, INC., ) | |
| ) | |
| Defendants ) | |

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

INTRODUCTION

This is a § 1983 civil rights police misconduct case. Plaintiff Dustin Erwin was pursued by a Brockton Police Officer employed on a detail, and who assaulted and physically beat him. The assignment was at The Foxy Lady, an adult nightclub. Plaintiff was hospitalized and suffered injuries in the form of puncture wounds, scrapes and bruises over his entire body. Some of these injuries have left permanent scarring.

PARTIES

1. Plaintiff Dustin Erwin is an individual residing at 3 Madbury Road, Durham, New Hampshire.

2. Defendant Christopher McDermott is an individual who residence is unknown to plaintiff. Mr. McDermott is employed by the City of Brockton as a Brockton Police

        Officer, with a business address of Brockton Police Department, 7 Commercial Street, Brockton, Massachusetts.

3. Defendant City of Brockton is a city in Norfolk County, Massachusetts.

4. Defendant Frank's of Brockton, Inc. is a Massachusetts Corporation whose principal offices are at 265 North Pearl Street, Brockton, Massachusetts, 02301. This defendant (on information and belief) owns and operates a nightclub with a business address of 265 North Pearl Street, Brockton, Massachusetts. (Hereinafter, this defendant will be referred to as "the Foxy Lady.")

## JURISDICTIONAL STATEMENT

5. The complaint alleges violations of 42 U.S.C. § 1983. Thus, there is "federal question jurisdiction" pursuant to 28 U.S.C. § 1331. Additional counts are joined per Rule 18 and the doctrine of pendant or supplemental jurisdiction. *See* United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

## FACTS COMMON TO ALL COUNTS

6. On or about the evening of August 9, 2008 into the early morning hours of August 10, 2008, Plaintiff was at The Foxy Lady nightclub in Brockton, located at 265 North Pearl Street, Brockton, Massachusetts. Plaintiff was attending a bachelor party in his honor. While at the party, plaintiff ingested alcohol and became influenced by it.

7. The Defendant, Christopher McDermott, was at all pertinent times a City of Brockton Police Officer.

8. McDermott was working a paid security detail that same evening at The Foxy Lady. As such, his immediate conduct was supervised and controlled by The Foxy Lady, although he simultaneously remained under the supervision and control of the City of Brockton.

9. At all pertinent times, Defendant McDermott was dressed in his Brockton Police uniform, which clearly displays the Brockton Police Department insignia. Defendant McDermott was also carrying his police issued handgun, handcuffs, mace and radio.

10. Just before 1:00 a.m. on August 10, 2008, the plaintiff was asked by management to leave the establishment. Although he may have protested briefly, plaintiff completely exited the establishment and left the club, stopping just outside near the parking lot. A number of the plaintiff's friends followed after him, also completely exiting the establishment.

11. Instead of allowing the plaintiff to leave the property, Defendant McDermott pursued the plaintiff down a handicap ramp and tried to physically grab the plaintiff.

12. By now the plaintiff and others in his group had left the property of The Foxy Lady and were in the contiguous Walgreens' parking lot. Intent on arresting the plaintiff, Defendant McDermott continued to pursue him. The defendant used his radio and called for additional officers.

13. Although he may have exchanged words with the defendant, the plaintiff had committed absolutely no crime.

14. Suddenly and without warning, Defendant McDermott attacked the plaintiff by spraying mace at him. There was no good faith reason to spray the mace.

15. Harmed and frightened by the mace, the Plaintiff moved away from the officer and began to run away from the area of The Foxy Lady and Walgreens.

16. A Brockton Police Officer, Darvin Anderson, arrived on the scene. Officer Anderson was a K-9 (dog) officer and had a dog, "Gomo," with him. Anderson intentionally used his motor vehicle to strike the plaintiff and knock him down. Anderson, McDermott and the dog, Gomo, then continued to attack the plaintiff, causing him serious injury including contusions, bruises, lacerations, and canine bite marks. Gomo was ordered by Anderson and McDermott to forcefully bite the plaintiff.

17. Plaintiff was hospitalized and suffered injuries in the form of puncture wounds, scrapes and bruises over his entire body. Some of these injuries have left permanent scarring.

18. McDermott and Anderson placed the plaintiff in handcuffs and informed him that he was under arrest. He had still not committed any crime.

19. McDermott and Anderson charged the plaintiff with several crimes, including but not limited to "assault and battery upon a police officer" and "resisting arrest."

20. Plaintiff was forced to retain the services of private counsel, Attorney Neil Madden.

21. McDermott and Anderson knew or should have known that the plaintiff committed no crime. Plaintiff's arrest and prosecution were intended to provide cover for the Defendants McDermott and Anderson's malicious and unnecessary use of force.

22. On or about November 4, 2009, following a time consuming and expensive jury trial, the plaintiff (as a criminal defendant) was found not guilty of all charges.

23. The plaintiff continues to have a "CORI" record of his arrest, and suffers emotionally from having false criminal charges "hanging over his head" for over a year.

COUNT ONE
VIOLATION OF 42 U.S.C. §1983 (EXCESSIVE FORCE)
AGAINST INDIVIDUAL OFFICERS MCDERMOTT AND ANDERSON

22. Plaintiff repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

23. The attacks of plaintiff by Defendant McDermott and Anderson constituted the use of excessive and unreasonable force in violation of plaintiff's rights guaranteed by the United States Constitution including, but not limited to, the Fourth, Eighth and Fourteenth Amendments. When he attacked the plaintiff using force against him, Defendant Officer McDermott intended to inflict, and did inflict, serious physical and emotional injuries to plaintiff.

24. The complete indifference of the Defendant Officer to the health and well being of plaintiff, demonstrated by tackling him to the ground, striking him in the head with his hand, sending a dog to attack him and not summoning medical treatment after the attack, deprived plaintiff of his right to the security of his person and the right to liberty in violation of the United States Constitution including, but not limited to, the Fourth, Eighth and Fourteenth Amendments and in violation of the provisions of 42 U.S.C. §1983.

25. The actions of Defendant Officer McDermott, in violation of plaintiff's constitutional rights described above, were done maliciously, in bad faith, purposely and intentionally thereby entitling plaintiff to punitive damages.

26. As a uniformed Brockton Police Officer, Defendant McDermott was acting under the color of law when he violated plaintiff's constitutional rights in violation of 42 U.S.C.

§1983 and is liable to plaintiff, both individually and as an official of the City of Brockton.

27. As the result of the actions of Defendant McDermott in depriving plaintiff of his constitutional rights in violation of 42 U.S.C. §1983, as described above, plaintiff has sustained severe personal and emotional injuries, has suffered great pain of body and mind, and has permanent scarring of his person.

COUNT TWO
VIOLATION OF 42 U.S.C. § 1983 (FALSE ARREST/MALICIOUS PROSECUTION)
AGAINST INDIVIDUAL OFFICERS MCDERMOTT AND ANDERSON

28. Plaintiff repeats and realleges each and every allegation above stated as though such allegations were set forth herein.

29. By engaging in the conduct described above, the individual defendants deprived plaintiff of clearly established and well settled constitutional rights while acting under color of law. Specifically, the defendants deprived plaintiff of rights secured and guaranteed to him by the United States Constitution including, but not limited to, his Fourth Amendment right to be free from unlawful seizure of his person and his Fifth and Fourteenth Amendment rights to due process of law, including but not limited to his right to be free from arrest without probable cause, and his right to be free from malicious prosecution instituted by law enforcement.

30. Further, the wrongful acts were undertaken with grossly reckless disregard of plaintiff's constitutional rights.

31. As a result of the defendants' violations of plaintiff's civil rights, he was forced to pay legal fees, suffered a loss of freedom, suffered a loss of enjoyment of life, underwent extreme emotional distress and was otherwise damaged.

32. The above constitutes violations of 42 U.S.C. § 1983 et seq.

## COUNT THREE
## VIOLATION OF 42 U.S.C. § 1983
## AGAINST CITY OF BROCKTON (MONELL CLAIM)

33. Plaintiff repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

34. The City of Brockton as an entity, through law enforcement officers at the highest level, encouraged, aided and abetted the violations of law described above, in a pattern of deliberate indifference to citizen's constitutional rights

35. Violations of law described above constituted a policy of the City of Brockton.

36. This caused great damage to the plaintiff. Therefore, the City as an entity should be liable to the plaintiff per 42 U.S.C. § 1983.

## COUNT FOUR
## CONSPIRACY IN VIOLATION OF 42 U.S.C. § 1983

37. Plaintiff repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

38. By having engaged in the conduct described above, the Defendants conspired to deprive plaintiff of the equal protection of the law or of the equal privileges and immunities under the law, and they acted in furtherance of the conspiracy, which resulted in the injuries to plaintiff described above, in violation of 42 U.S.C. § 1983.

## COUNT FIVE
## VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT
## AGAINST INDIVIDUAL DEFENDANTS AND CITY OF BROCKTON

39. Plaintiff repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

40. By engaging in the conduct described above, including threats, intimidation and coercion, Defendants McDermott and Anderson , in violation of Massachusetts General Laws Chapter 12, §11I, interfered with and deprived Plaintiff of his exercise and enjoyment of his civil rights secured under the laws of the Commonwealth of Massachusetts.

41. As a direct and proximate result of the Defendant's violations of M.G.L. c. 12, §11I, Plaintiff suffered the injuries described above.

## COUNT SIX
## BATTERY
## AGAINST DEFENDANTS MCDERMOTT AND ANDERSON

41. Plaintiff repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

42. Defendants McDermott and Anderson intentionally, viciously and unlawfully used mace against the Plaintiff, physically tackled him to the ground, struck him in the face and head and caused a dog to bite on the Plaintiff greatly injuring him.  The Defendant's unwanted and unprovoked attack constituted unlawful battery rendering them liable to Plaintiff.

43. As a direct and proximate result of the attack, Plaintiff sustained the injuries described above.

## COUNT SEVEN
## FALSE IMPRISONMENT

44. Mr. Erwin repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

45. On or about July 3, 2008, Mr. Erwin was unlawfully and intentionally confined against his will, without right or privilege. This was the direct result of the unlawful conduct of the defendants, jointly and severally.

46. As a direct and proximate result of the acts described above, the plaintiff was falsely imprisoned, deprived of his liberty, and therefore, was damaged.

## COUNT EIGHT
## MALICIOUS PROSECUTION

47. Mr. Erwin repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

48. Defendants improperly instituted criminal proceedings against plaintiff by initiating plaintiff's arrest without probable cause.

49. The defendants did so with malice and without probable cause motivated in part by a desire to justify their intrusive actions against Mr. Erwin.

50. The criminal prosecution of Mr. Erwin was legally and finally terminated in his favor.

51. As a result of their acts and omissions in causing the institution and continuation of proceedings against Mr. Erwin, defendants proximately caused him great damage.

## COUNT NINE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST DEFENDANTS MCDERMOTT AND ANDERSON

52. Plaintiff repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

53. When Defendant McDermott assaulted and attacked plaintiff as described above, he intended to inflict emotional distress, or he knew or should have known that emotional distress was the likely result of his conduct.

54. The attack by Defendant McDermott was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community.

55. The attack by the Defendant Officer and consequent injury caused plaintiff to sustain emotional distress so severe that no reasonable person could be expected to endure it.

56. As a result of the conduct of the Defendant Officer, plaintiff has suffered extreme emotional distress and anxiety.

## COUNT TEN
## NEGLIGENCE/VICARIOUS LIABILITY
## AGAINST DEFENDANT FOXY LADY

57. Plaintiff repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

58. At all pertinent times, the Defendant McDermott was employed by the Foxy Lady as a "bouncer" or "security guard" or otherwise served as a servant or agent of the Defendant Foxy Lady.

59. The Defendant Foxy Lady had duties:

    A.      To employ persons with the requisite skill and abilities to interact with the general public as "bouncers";

    B.      To provide appropriate training to any and all persons expected to interact with the general public as "bouncers";

    C.      To provide appropriate supervision to any and all persons expected to interact with the general public as "bouncers";

    D.      To provide premises reasonably safe and secure for its intended use as an establishment licensed to serve alcohol.

60. The Foxy Lady also had duties to provide a premises reasonably safe for their intended purpose.

61. The Defendant Foxy Lady breached its duties set forth above in several ways, including but not limited to failing to adequately train Defendant McDermott, failing to adequately supervise him, failing to engage in appropriate service of alcohol, and failing to maintain a reasonably safe premises.

62. The Defendant Foxy Lady is legally responsible for the acts of McDermott committed in furtherance of his employ.

63. As a result, The Foxy Lady proximately caused great damage to the plaintiff.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff Dustin Erwin respectfully requests that this Honorable Court:

    1.      Use its fullest equitable powers to order the individual Defendant McDermott:

      a.      to use only reasonable force in the performance of his police duties;

      b.      to intervene when excessive force is used by other police officers in the course of an arrest or incarceration;

      c.      to report to superiors the use of, and injuries caused during the use of, excessive force;

      d.      to write complete and truthful police reports;

      e.      to summon medical attention when injury occurs as a result of force used by a police officer.

2. Use its fullest equitable powers to order the individual Defendant Foxy Lady:

      a.      to intervene when excessive force is used by police officers in the course of their employment by this establishment;

      b.      to report to the superiors of the police department when officers under their employ use , or cause injury through the use of excessive force;

      c.      to summon medical attention when injury occurs as a result of force used by a police officer in their employ;

3. Order judgment in Plaintiffs favor in such amount as will fully compensate them for their losses to the greatest extent allowed by law.

4. Order such exemplary or punitive damages as are allowed by law.

5. Order payment of interest, costs and attorneys fees.

6. Order such further relief as this Court deems fair and just.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED,
Plaintiff Dustin Erwin,
By his attorneys,


*/s/ Robert S. Sinsheimer*_____
Robert S. Sinsheimer, BBO#464940
Lauren Thomas, BBO#667973
SINSHEIMER & ASSOCIATES
92 State Street, 9th Floor
Boston, MA 02109


Dated: February 1, 2012

## Certificate of Service

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 1, 2012.

*/s/ Robert S. Sinsheimer*