United States District Court
District of Massachusetts

|                                      |   |                      |
|--------------------------------------|---|----------------------|
| DUSTIN ERWIN,                        | ) |                      |
|         Plaintiff,                   | ) |                      |
|                                      | ) |                      |
| v.                                   | ) | Civil No.            |
|                                      | ) | 11-11328-NMG         |
| CHRISTOPHER MCDERMOTT, DARVIN        | ) |                      |
| ANDERSON, CITY OF BROCKTON and       | ) |                      |
| FOXY LADY, INC.                      | ) |                      |
|         Defendants.                  | ) |                      |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the alleged use of excessive force against plaintiff Dustin Erwin outside of The Foxy Lady nightclub in Brockton, Massachusetts on the night of August 9, 2008. Currently before the Court are plaintiff's motion to amend and defendant's motions for summary judgment and to strike.

## I. Background

On the evening of August 9, 2008, Erwin attended a bachelor party held in his honor at the Foxy Lady nightclub. By his own account, Erwin became intoxicated and was asked to leave. He and his friends complied and, as they reached the parking lot, were pursued by Christopher McDermott, an off-duty Brockton Police Officer working a paid security detail for the Foxy Lady nightclub. McDermott allegedly chased Erwin to the adjacent Walgreens parking lot, sprayed him with mace and then radioed for

-1-

backup. Soon thereafter, Officer Darvin Anderson of the Brockton Police Department arrived on the scene with his K-9 dog officer Gomo. Erwin alleges that Anderson intentionally struck him with a police cruiser and then ordered Gomo to attack him. Erwin sustained injuries in the form of puncture wounds, scrapes and bruises for which he was later hospitalized. McDermott and Anderson then handcuffed Erwin and placed him under arrest for resisting arrest and assault and battery on a police officer. Erwin was prosecuted in state court for those crimes but found not guilty by a jury.

## II. **Procedural History**

On July 26, 2011, Erwin filed suit in this Court against McDermott and Anderson ("the Officers"), the City of Brockton and Foxy Lady, Inc. ("The Foxy Lady Corporation"). The Complaint alleges the following claims:

- Count 1: Excessive force, in violation of the Fourth Amendment - 42 U.S.C. § 1983 (the Officers)
- Count 2: Arrest without probable cause and malicious prosecution, in violation of the Fifth Amendment - 42 U.S.C. § 1983 (the Officers)
- Count 3: Monell liability - 42 U.S.C. § 1983 (City of Brockton)
- Count 4: Conspiracy - 42 U.S.C. § 1983 (all defendants)
- Count 5: Violation of the Massachusetts Civil Rights Act ("MCRA") - M.G.L. c. 12, § 11I (the Officers and City of Brockton)
- Count 6: Battery (the Officers)

    Count 7: False imprisonment (the Officers)

    Count 8: Malicious prosecution (the Officers)

    Count 9: Intentional infliction of emotional distress (the Officers)

    Count 10: Negligence (The Foxy Lady Corporation)

The Court has federal-question jurisdiction over Counts 1-4 and supplemental jurisdiction over the remaining Counts.

Plaintiff named The Foxy Lady Corporation as a defendant after corporate records indicated that it 1) had offices near Brockton, Massachusetts, 2) was in the business of owning and operating nightclubs and 3) was run by Thomas Tsoumas; and an internet search revealed that 4) the Foxy Lady nightclub has locations in Brockton and Providence and 5) Tsoumas runs the Providence branch. The Complaint was served upon The Foxy Lady Corporation in August 2011 and it appears that Attorney David Berman was hired soon thereafter to represent its interests.

In September 2011, Attorney Berman filed a motion to dismiss for failure to state a claim, purportedly on the behalf of The Foxy Lady Corporation. Attorney Berman argued in support that Officer McDermott was acting in his capacity as a police officer, not a nightclub security guard, at the time of the alleged incident and therefore his actions could not, as a matter of law, be imputed to The Foxy Lady Corporation. After full briefing and oral argument, the Court concluded that the issue of a nightclub's liability for the actions of an off-duty police

officer is a fact-intensive inquiry unsuitable for resolution at the motion to dismiss phase, citing Davis v. Allard, 641 N.E.2d 121 (Mass. App. Ct. 1994) and David v. DelRosso, 359 N.E.2d 313 (Mass. 1977). The motion to dismiss was denied and the parties commenced discovery.

In January 2012, Attorney Berman filed a motion for summary judgment, again on the behalf of The Foxy Lady Corporation, alleging for the first time that Frank's of Brockton, Inc. ("Frank's of Brockton"), not The Foxy Lady Corporation, is the true owner of the Foxy Lady nightclub and the real party in interest in this case. Attorney Berman did not explain why the alleged misidentification was not raised in the motion to dismiss.

Seeking to cure the apparent misnomer, plaintiff moved to dismiss without prejudice "Foxy Lady, Inc." and to amend the Complaint to substitute "Frank's of Brockton, Inc." Attorney Berman has filed an opposition to the motion to amend, this time on behalf of Frank's of Brockton, opposing the proposed amendment on two grounds. First, he argues that the proposed amendment is untimely because the deadline for amendments set by the pretrial order has passed. Second, he claims that the amendment would be futile because the statute of limitations has already run on an action against Frank's of Brockton. In response, plaintiff represents that there is good cause to amend the Complaint and submits that the amendment will relate back to the filing date of

the Complaint. Attorney Berman then filed a supplemental opposition to the motion to amend, claiming that amendment would be futile for the additional reason that the owner of the Foxy Lady nightclub is not vicariously liable for the actions of the Officers. If that argument sounds familiar, it is because Attorney Berman already unsuccessfully litigated it on behalf of The Foxy Lady Corporation.

Attorney Berman, now apparently at the behest of The Foxy Lady Corporation, follows up the supplemental opposition with a motion to strike paragraph 14 of the affidavit of Attorney Michael Harriman, an associate with Sinsheimer & Associates, the firm representing the plaintiff. Attorney Harriman filed the subject affidavit to explain the actions he took on behalf of the plaintiff to ascertain the owner of the Foxy Lady nightclub. The paragraph to which Attorney Berman objects states:

> Following these inquires and the conversations which resulted therefrom, I infer that "Frank's of Brockton, Inc." has a large role in the operation and ownership of "The Foxy Lady." I cannot, however, decipher with absolute clarity that "Frank's of Brockton, Inc." is the sole corporate entity involved in owning and operating "The Foxy Lady" at 265 N. Pearl Street.

In his motion to strike that paragraph, Attorney Berman claims that the foregoing inference is unreasonable. He goes on to claim that "Frank's of Plymouth" owns the Foxy Lady nightclub and in the next breath that "Frank's of Brockton" is the true owner.

## III. Analysis

Plaintiff's motion for leave to amend presents two issues: 1) whether the Court should exercise its discretion to allow plaintiff leave to amend the Complaint and 2) if so, whether the Amended Complaint "relates back" to the filing date of the Complaint.

### A. Federal Rule of Civil Procedure 15

A court "should freely give" a party leave to file an amended pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to allow leave to amend is entrusted to the discretion of the court. United States ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009). Reasons for denying leave are few but include "undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, [or] futility of amendment." Id.

An amendment adding or correcting the identity of a party against whom a claim is asserted relates back to the date of the original pleading if:

> 1) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; and
>
> 2) within [120 days], the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

See Fed. R. Civ. P. 15(c)(1)(C). Unlike the decision to allow leave to amend, which is left to the discretion of the court, relation back is mandatory if an amended pleading meets the foregoing criteria. Krupski v. Costa Crociere S. p. A., 130 S. Ct. 2485, 2496 (2010).

The "relation back" provisions expressed in Rule 15 were intended to balance a defendant's interest in repose with the systemic interest in resolving disputes on their merits. Id. If a defendant knew or should have known that, "absent some mistake, the action would have been brought against him," relation back should be allowed. Id. at 2494. Such an interpretation of Rule 15(c)(1)(C) strikes an appropriate balance between those two interests:

> A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.

Id.

### B. Application

The criteria set forth in Rule 15(c)(1)(C) are met here. First, the Amended Complaint adds no new claims or defenses; the sole change is to the name and identity of the owner of the Foxy

Lady nightclub. Second, the only prejudice Frank's of Brockton would suffer from amendment is the inability to benefit from its deceptive litigation strategy. A defendant who obscures its identity to take advantage of a statute of limitation forfeits any interest he might have had in repose. See N.Y. Cent. & H.R.R. Co. v. Kinney, 260 U.S. 340, 346 (1922). Finally, Frank's of Brockton has been on notice of this litigation from the outset. In the motion to dismiss, Attorney Berman argued that the owner of the nightclub was not vicariously liable for the actions of the Officers. If Attorney Berman was representing the interests of an unaffiliated entity named "Foxy Lady, Inc.", he would have had no reason to address the merits of the dispute. It would have been sufficient for him to say, "you sued the wrong company." In fact, had Attorney Berman actually represented The Foxy Lady Corporation, he would have done his client a disservice in failing to raise the misnomer argument in the motion to dismiss. To the contrary, it is clear that Attorney Berman has been representing Frank's of Brockton all along and it is disingenuous if not fraudulent of him to suggest otherwise.

Contrary to Attorney Berman's apparent belief,

> [a] suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, as is the case here, it has fulfilled its purpose.

United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873 (4th

Cir. 1947). Plaintiff's naming of The Foxy Lady Corporation as a defendant was a good-faith effort to provide notice to the owner of the Foxy Lady nightclub of the pendency of this action. Plaintiff apparently named the wrong entity but accomplished his purpose nevertheless. Soon after the service of the Complaint, Attorney Berman was retained to represent the interests of the Foxy Lady nightclub. He has been doing so overzealously ever since.

The circumstances indicate that Attorney Berman knew from the beginning that Frank's of Brockton was the true owner of the nightclub but obscured that fact from the Court and the plaintiff until the statute of limitations had run. Plaintiff's counsel twice requested in writing that the defendant disclose the real party in interest. Attorney Berman demurred. When plaintiff's counsel filed an affidavit documenting its efforts to ascertain the owner of the Foxy Lady nightclub, Attorney Berman, apparently under the misapprehension that continued obfuscation would allow his client to avoid liability, responded with a frivolous motion to strike.

Under the circumstances, this Court will exercise its discretion to allow the plaintiff leave to file an Amended Complaint substituting "Frank's of Brockton, Inc." for "Foxy Lady, Inc." as the real party in interest. The Amended Complaint will relate back to the filing date of the Complaint, as provided

for by Fed. R. Civ. P. 15(c)(1)(C). Attorney Berman and the true owner of the Foxy Lady nightclub, whoever it may be, are forewarned that their unscrupulous tactics are counterproductive and, if continued, will result in the imposition of sanctions and/or reference to the Massachusetts Board of Bar Overseers.

### ORDER

In light of the foregoing,

1) plaintiff's motion to amend the Complaint (Docket No. 27) is **ALLOWED**. Leave is hereby given to file an Amended Complaint substituting "Frank's of Brockton, Inc." for "Foxy Lady, Inc." as the real party in interest; and

2) defendant Foxy Lady Inc.'s motions for summary judgment (Docket No. 22) and to strike (Docket No. 30) are **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 30, 2012